**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Onorio Ramos,<br><br>Plaintiff,<br><br>v.<br><br>Sables, LLC et al.,<br><br>Defendants. | Case No. 2:25-cv-00776-APG-BNW<br><br>**ORDER GRANTING COUNTERMOTION TO EXTEND DISCOVERY DEADLINE** |

Before this Court is Plaintiff's countermotion to extend the discovery deadline. ECF No. 85. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") opposed, and Plaintiff replied. ECF Nos. 99, 100. For the reasons discussed below, Plaintiff's countermotion is granted.

## I. BACKGROUND

Discovery in this matter closed on April 20, 2026. ECF No. 74. Shortly after this deadline passed, the District Judge entered an order granting Plaintiff leave to file a second amended complaint by May 26, 2026. ECF No. 79. Plaintiff was permitted to re-allege certain claims which the District Judge denied without prejudice. *Id.* In compliance with this order, Plaintiff timely filed his second amended complaint. ECF No. 83. Plaintiff now argues he is entitled to conduct further discovery. ECF No. 85 at 3.

## II. DISCUSSION

### A. This Court Will Consider Plaintiff's Motion

As noted by Deutsche Bank, Plaintiff's motion fails to comply with LR 26-3(a), (b), and (c). ECF No. 99 at 6-7. Plaintiff's subsequent reply, however, addresses each of these requirements in turn. ECF No. 100 at 4-6. In the interest of resolving this matter on the merits, this Court will consider Plaintiff's motion.

**B. Plaintiff Shows Good Cause**

When a scheduling order has been filed, it "controls the course of the action." Fed. R. Civ. P. 16(d). Under Rule 16, a pre-trial schedule may only be modified after a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The party seeking extension bears this burden of proof. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Good cause is shown where the moving party demonstrates that scheduling deadlines cannot be met despite the party's diligence. *Id.* at 609. This diligence "is measured by the movant's conduct throughout the entire period of time already allowed." *Harris v. Daniels*, No. 22:2-cv-00293-CDS-NJK, 2023 WL 3390779, at *2 (D. Nev. Apr. 5, 2023).

Here, Plaintiff argues that it would be impossible for him to meet the discovery deadline since his second amended complaint was filed after discovery closed. ECF No. 85 at 4. While the latter part of this statement is true, the former is not. Plaintiff was given leave to file an amended complaint pursuant to the District Judge's order at ECF No. 79. This order stated that Plaintiff "may file an amended complaint raising **only the claims for which I granted leave to amend, and curing the deficiencies identified in this order.**" ECF No. 79 at 23 (emphasis added).

In other words, the second amended complaint did not change the scope of discovery. The District Judge's order did not permit the addition of novel claims or new parties. *Id.* The second amended complaint was limited to matters which were already discoverable and should have been addressed throughout the normal discovery period. Plaintiff's counsel explicitly acknowledges that he did not conduct *any* discovery throughout the course of this litigation, despite the discovery period being extended twice to a total of 350 days. ECF No. 85 at 4; *see also* ECF No. 74.

This Court considers, however, the medical history of Plaintiff's counsel. Counsel's illness evidently impaired his ability to conduct discovery, though it is unclear to what extent.

During the discovery period, Plaintiff's counsel was still able to confer and stipulate with Deutsche Bank on numerous issues,[1] and he stated that his outstanding discovery obligations would be met.[2] They were not. Counsel's illness was also acknowledged by Deutsche Bank during Plaintiff's scheduled deposition, and Plaintiff's non-appearance was noted. ECF No. 99-6 at 6.

This Court acknowledges that Plaintiff's inaction during the extended discovery period would normally be detrimental to a good cause showing. *Harris*, 2023 WL 3390779, at *2. There appears to be some level of diligence, however, due to Plaintiff's prior stipulations with Deutsche Bank to extend and conduct discovery. Additionally, Plaintiff's discovery request is limited in scope. ECF No. 100 at 5. And his failure to act resulted from excusable neglect, discussed further below. For these reasons, Plaintiff has shown good cause.

**C. Plaintiff Shows Excusable Neglect**

When a motion to extend is made after the subject deadline has expired, the moving party must also demonstrate that "the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also* LR 26-3. Excusable neglect is determined through the court's consideration of the following factors: "(1) prejudice to the [opposing party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Dittmar v. City of N. Las Vegas*, No. 2:17-cv-02916-JAD-BNW, 2024 WL 1554238, at *1 (D. Nev. Apr. 10, 2024) (internal quotations omitted).

/ / /

/ / /

[1] *See* ECF Nos. 21, 25, 30, 33, 35, and so on.
[2] *See* ECF No. 54 at 3; *see also* ECF No. 73 at 3-4.

Plaintiff moves to extend discovery, which closed on April 20, 2026—thus necessitating a consideration of the four factors listed above. ECF No. 74. First, this Court finds that any prejudice to Defendants[3] is minimal. Plaintiff wishes to conduct very limited discovery in the form of Defendants' depositions. ECF No. 100 at 5. This limited scope defeats Deutsche Bank's argument that it would have to "effectively restart discovery altogether." ECF No. 99 at 12. At most, the parties would have to coordinate the scheduling of depositions.

Second, the length of the delay is considerable, though not outrageous. Plaintiff requests an extension of 90 days from the entry of this Court's order to complete Defendants' depositions. ECF No. 100 at 5. This extension would affect Defendants' dispositive motion deadline, which is currently August 3, 2026. ECF Nos. 103, 104. This issue is addressed below.

Third, the reason for the delay is genuine and not within Plaintiff's reasonable control. The pleadings reflect that counsel's illness affected his ability to meet deadlines.

Finally, this Court believes that Plaintiff acts in good faith. Again, he seeks very limited discovery and has previously agreed to extend numerous deadlines for Defendants' benefit.[4] Together, these factors show excusable neglect.

Once this order is entered, the parties must meet and confer to set deposition dates as soon as practicable and stipulate to an extension of the dispositive motion deadline accordingly. **This Court is not inclined to grant any other extensions of discovery or dispositive motion deadlines.**

/ / /

/ / /

---

[3] Plaintiff wishes to depose both Defendants: Deutsche Bank and Wilmington Finance, Inc. The latter has neither opposed nor joined this motion.

[4] *See* ECF Nos. 30, 33, 35, 37, 54, 64, etc.

## III. CONCLUSION

**IT IS ORDERED** that Plaintiff's countermotion to extend the discovery deadline (ECF No. 85) is **GRANTED.** The parties shall have up to and including October 19, 2026, to complete Defendants' depositions. No other discovery is permitted.

**IT IS FURTHER ORDERED** that the parties shall meet and confer to set deposition dates as soon as practicable.

**IT IS FURTHER ORDERED** that the parties shall stipulate to an extension of the dispositive motion deadline once the final deposition date is set. The stipulated dispositive motion deadline should be no later than 30 days after the final deposition takes place. The joint pretrial order shall be due 30 days after the stipulated dispositive motion deadline.

DATED: July 21, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE